# George T. McCann, Appellant, v. James R. Pyle, Jr., and Wm. C. Binkle.

*Real property—Building line—Encroachments—Trespass—Case for jury.*

In an action of trespass to recover damages for injury to real estate, caused by alleged encroachments of defendant's buildings on the property of the plaintiff, the case is for the jury and a verdict for the plaintiff will be sustained, where the issue was clearly one of fact as to the nature and extent of the encroachment.

Argued November 13, 1923. Appeal, No. 71, Oct. T., 1923, by plaintiff, from judgment of C. P. Lancaster Co., Dec. T., 1921, No. 11, in favor of defendant non obstante veredicto, in the case of George T. McCann v. James R. Pyle, Jr., and Wm. C. Binkle. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Reversed.

Trespass for damages to real estate. Before HASS-LER, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of one hundred dollars. The court on motion entered judgment in favor of the defendants non obstante veredicto. Plaintiff appealed.

*Error assigned* was, among others, the judgment of the court.

*B. F. Davis,* for appellant.

*T. Roberts Appel,* for appellee.

OPINION BY PORTER, J., February 29, 1924:

The plaintiff brought this action of trespass to recover damages for injury to his real estate alleged to have

been sustained when defendants, who owned an adjoining property, erected a building which encroached upon plaintiff's premises. The trial resulted in a verdict in favor of the plaintiff, but the learned judge of the court below entered judgment in favor of the defendants notwithstanding the verdict, from which action we have this appeal by the plaintiff.

The evidence produced at the trial developed a clearly defined issue of fact. The plaintiff testified that there had for forty-two years existed a line fence between his lot and that of the defendants, which fence had been continuously maintained upon the same location until torn down by the defendants when they erected their building. The defendants introduced evidence tending to establish that said fence had been maintained for over fifty years. It was undisputed that the defendants had torn down the part of the fence which was to be supplied by the wall of the building which they were erecting upon their lot. The learned judge of the court below properly held that in determining the rights of the parties the line of the old fence must be held to be the line between the respective lots of the parties, and submitted to the jury the question of fact, arising under the evidence, in a manner which could not be misunderstood, saying: "You understand that you will not consider the question of damage unless you find that the building is over the line where the old fence stood. It is only in case it is over that line that the plaintiff is entitled to a verdict and entitled to damages." The verdict of the jury establishes that the building erected by the defendants extended beyond the line of the old fence and encroached upon plaintiff's property. The learned judge, in his opinion stating his reasons for entering judgment notwithstanding the verdict said: "As the building erected by the defendants is on the defendant's side of this fence, and, therefore, on his land, the plaintiff was not entitled to a verdict, and we enter judgment for the defendants." The memory of the learned judge did not serve him well.

The plaintiff testified unequivocally that the new building extended beyond the fence line. When under cross-examination he was asked the specific question: "Q. When they put the wall of this new building there, did they go beyond the fence line? A. They went beyond the fence line, positively." And again: "Q. Had you changed the location of the fence between your property and their property back on the alley? A. No, sir, I had not. Q. Now when they took that fence down, didn't they put the wall of their building right where that fence was? A. Positively no." This testimony was contradicted by that of the defendants. The old fence was gone; there was a conflict of evidence as to whether the walls stood upon the line which that fence had occupied and the determination of that disputed question of fact was the exclusive function of the jury. There was sufficient evidence to sustain the finding and the court erred in entering judgment in favor of the defendants notwithstanding the verdict.

The judgment is reversed and judgment is here entered in favor of the plaintiff upon the verdict of the jury.